## RUST EXR. vs. WITHERINGTON.

Under our administration system, an executor *de son tort*, as at common law, is unknown.
(*Barasien vs. Odum.*)

*Appeal from the Circuit Court of Union County.*

Hon. SHELTON WATSON, Circuit Judge.

QUILLIN and S. H. HEMPSTEAD, for the appellant.

Mr. Justice HANLY delivered the opinion of the Court.

This was an action of assumpsit, brought by the appellee against the appellant as executor *de son tort* of Alfred Rust, deceased, in the Union Circuit Court, on a promissory note averred to have been made by the decedent to the appellee.

The appellant interposed his three pleas in bar to the appellee's action in the court below, *to wit : non assumpsit, ne unques executor* and *plene administravit*, to which issues were taken, and a trial of those issues was had before a jury, who returned a verdict for the appellee for the amount of the note declared on, and interest by way of damages. The court proceeded to render judgment on said verdict against appellant, *de bonis testatoris, si non, de bonis propriis.* A motion for a new trial was made in the court below by the appellant, and on its being overruled, he excepted, setting out all the evidence given at the trial, and saving several exceptions reserved during its progress. We do not, however, deem it essential to make a further statement of the case. The cause is brought to this court by appeal.

Several errors are assigned and insisted upon, why said judgment should be reversed, and among them the same question is

presented, as the one we have just determined in the case of *Barasien vs. Odum*. We, therefore, reverse this cause for the reasons assigned for reversing that one.

The judgment in this cause as rendered by the Circuit Court differs from the judgment rendered in the case of *Barasien vs. Odum*.

The party attempted to proceed in this action according to the practice of the common law. There was an issue formed upon the plea of *ne unques executor*, and this issue was found for the appellee. In such case, it was the practice in a proceeding against an executor *de son tort*, to render judgment *de bonis propriis*. See *Toller's Exrs.* 473. But as we have held in the case of *Barasien vs. Odum*, our statute has changed the common law in this particular. With us, persons sued as executors or administrators, are not made personally liable in any action; nor shall persons sued as executors of their own wrong, be made liable to a greater extent than they would otherwise be by reason of any such person having pleaded any false plea. See *Dig.*, *sec.* 70, *chap.* 125, *p.* 807. Viewing this judgment, either according to the principles of the common law, or in reference to our statute, it is erroneous for the reason of its particular structure.

For these causes, the judgment of the Union Circuit Court is reversed, and the cause remanded thereto with instructions to that court to proceed therein, according to law, and not inconsistent herewith.